UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:17-cv-00508

FILED
CHARLOTTE, NC

MAR - 8 2018

US District Court
Western District of NC

JASNA BUKVIC-BHAYANI, DAHLIA INSTITUTE OF MAKEUP ARTISTRY LLC, and JULIE GOODALL,

Plaintiffs,

vs.

BALDWIN RAY MITCHELL, JR., WYATT JONES, JR., KRISTA ROSE, ABBY SEATS, DIANE SMITH, and RENEE BYARS, in their official capacities as Members of the North Carolina Board of Cosmetic Art Examiners, and LYNDA ELLIOTT, in her official capacity as Executive Director of the North Carolina Board of Cosmetic Art Examiners.

Defendants.

**CONSENT JUDGMENT**

This Consent Judgment is made and agreed upon by and between Jasna Bukvic-Bhayani, Dahlia Institute of Makeup Artistry LLC, and Julie Goodall ("Plaintiffs") and Baldwin Ray Mitchell, Jr., Wyatt Jones, Jr., Krista Rose, Abby Seats, Diane Smith, and Renee Byars, in their official capacities as members of the North Carolina Board of Cosmetic Art Examiners, and Lynda Elliott, in her official capacity as Executive Director of the North Carolina Board of Cosmetic Art Examiners ("Defendants"). Plaintiffs and Defendants shall jointly be referred to as the "Parties."

**RECITALS**

Plaintiff Jasna Bukvic-Bhayani ("Bukvic-Bhayani") is a licensed esthetician who desires to open a makeup school to provide instruction in makeup artistry. Plaintiff Julie Goodall is an individual who states that she wishes to enroll in Bukvic-Bhayani's makeup school, and does not wish to perform makeup services for pay or reward or become a licensed esthetician at this time.

1

Defendant Lynda Elliott is the Executive Director of the North Carolina Board of Cosmetic Art Examiners (the "Board"). Defendants Baldwin Ray Mitchell, Jr., Wyatt Jones, Jr., Krista Rose, Abby Seats, Diane Smith, and Renee Byars are the members of the Board.

On August 23, 2017, Plaintiffs filed suit against Defendants in the case captioned *Bukvic-Bhayani, et al. v. Mitchell, Jr., et al.*, in the United States District Court for the Western District of North Carolina, Charlotte Division, under docket number 3:17-CV-508 (the "Litigation").

Defendants have filed a motion to dismiss the Litigation.

The Parties have agreed to enter into this Consent Judgment to resolve this matter.

**NOW, THEREFORE, IT IS HEREBY ORDERED PURSUANT TO AGREEMENT OF THE PARTIES AS FOLLOWS:**

1. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343, 2201, 2202 and 42 U.S.C. § 1983. Venue lies in this Court pursuant to 28 U.S.C. § 1391.

2. The North Carolina Cosmetic Art Act, N.C. Gen. Stat. § 88B-1 *et seq.* (the "Act") provides that "no person may practice or attempt to practice cosmetic art for pay or reward in any form, either directly or indirectly, without being licensed" and that "no person may practice cosmetic art or any part of cosmetic art, for pay or reward in any form, either directly or indirectly, outside of a licensed cosmetic art shop." N.C. Gen. Stat § 88B-22. The Act also provides that "[n]o one may open or operate a cosmetic art school before the Board has approved a license for the school." N.C. Gen. Stat. § 88B-16. Under the Act, "cosmetic art" encompasses "esthetics," which includes "applying makeup." *Id.* § 88B-2(5), 88B-2(11a). A "cosmetic art school" is defined as "[a]ny building or part thereof where cosmetic art is taught." *Id.* § 88B-2(6).

3. It is stipulated and agreed that Plaintiff Bukvic-Bhayani's makeup school—and any other makeup schools whose classes do not count toward requirements for licenses issued by the Board and who advise students that their classes do not permit them to perform makeup services

2

for pay or reward without a license in North Carolina—may teach makeup artistry without obtaining a cosmetic art school license under N.C. Gen. Stat. § 88B-16(b) or complying with the Board's cosmetic art school curriculum and equipment requirements, including but not limited to the requirements of 21 N.C. Admin. Code §§ 14T.0303 and 14T.0604.

4. It is stipulated and agreed that Defendants, the Board, and their employees, agents, representatives, and successors, will not interpret or enforce the Act, the rules adopted under the Act, or any policies, in a manner that prohibits unlicensed makeup schools who advise students that their classes do not permit them to perform makeup services for pay or reward in North Carolina, including Plaintiff Bukvic-Bhayani's makeup school, from providing makeup instruction that does not count toward requirements for licenses issued by the Board.

5. Defendants stipulate that the Board will not adopt any rule or policy that prohibits unlicensed makeup schools who advise students that their classes do not permit them to perform services for pay or reward in North Carolina, including Plaintiff Bukvic-Bhayani's makeup school, from providing makeup instruction that does not count toward requirements for licenses issued by the Board.

6. Plaintiffs agree that they will advise students and prospective students that their classes do not permit them to perform makeup services for pay or reward without a license in North Carolina and do not count toward requirements for licenses issued by Board. Defendants stipulate that although Plaintiffs are not required to provide a written disclaimer to the public on their website, marketing materials, or contracts that their classes will not permit the students to perform makeup services for pay or reward without a license in North Carolina and do not count toward requirements for licenses issued by Board, such written disclaimers will be evidence that

3

Plaintiffs are not advising students or prospective students that their classes permit them to perform makeup services for pay or reward without a license in North Carolina.

7. Defendants understand that, once entered, this Consent Judgment will become a public record.

8. Nothing in this Consent Judgment shall be construed to effect or limit the exemptions to the Act provided for in N.C. Gen. Stat. § 88B-25, or to effect or limit instruction that is otherwise permitted under the Act.

9. This Consent Judgment shall not be construed as an admission of liability, fault, or improper or unlawful action on the part of Plaintiffs or Defendants. The Parties will bear their own attorneys' fees and costs.

## EFFECTIVE DATE

10. This Consent Judgment shall be effective the date this Court enters it, or a motion to enter the Consent Judgment is granted, whichever occurs first, as recorded on this Court's docket (the "Effective Date").

## ENFORCEMENT

11. If Plaintiffs reasonably believe that Defendants are not in substantial compliance with the terms of this Consent Judgment, Plaintiffs may move this Court for an order enforcing the provisions of this Consent Judgment and any other enforcement and implementation mechanisms as may be necessary or appropriate.

12. If Defendants reasonably believe that Plaintiffs are not in substantial compliance with the terms of this Consent Judgment, they may move this Court for an order enforcing the provisions of this Consent Judgment or seek any enforcement and implementation mechanisms as may be necessary or appropriate.

13. This Consent Judgment constitutes final relief entered by this Court. This Court shall retain jurisdiction over this matter for all purposes and may issue such orders as may be necessary or appropriate to enforce this Consent Judgment.

SO ORDERED:

*Graham C. Mullen*
Graham C. Mullen
U.S. District Court Judge

Date: 8 MAR 18

Stipulated and Agreed to:

---

Milad Emam (Virginia Bar No. 83861)*
INSTITUTE FOR JUSTICE
901 North Glebe Road, Suite 900
Arlington, VA 22203
Telephone: (703) 682-9320
Fax: (703) 682-9321
Email: memam@ij.org

Justin Pearson (Florida Bar No. 597791)*
INSTITUTE FOR JUSTICE
2 South Biscayne Boulevard, Suite 3180
Miami, FL 33131
Telephone: (305) 721-1600
Fax: (305) 721-1601
E-mail: jpearson@ij.org

\* *Admitted Pro Hac Vice*
*Counsel for Plaintiffs*

---

David G. Guidry (N.C. State Bar No. 38675)
RABON LAW FIRM PLLC
225 E. Worthington Ave., Suite 100
Charlotte, NC 28203
Tel: (704) 247-3247
Fax: (704) 208-4645
Email: dguidry@usfraudattorneys.com

*Local Counsel for Plaintiffs*

/s/ Mitchell Armbruster (N.C. State Bar No. 26422)
SMITH, ANDERSON, BLOUNT, DORSETT, MITCHELL & JERNIGAN, L.L.P.
P.O. Box 2611
Raleigh, NC 27602
Tel: (919) 821-1220
Fax: (919) 821-6800
Email: marmbruster@smithlaw.com

*Counsel for Defendants*

5